By the Court.—Sedgwick, J.
If that part of the order which is appealed from be reversed, the order will then allow the defendant to serve an amended answer, without the defendant’s paying any costs. The condition is so framed that.it can not be separated into parts, some of which may be reversed. The whole must be reversed or affirmed. If we should reverse, leaving an order absolute that the defendant may serve an amended answer, injustice would be done to the plaintiff, as certainly as it has been done to the defendant, if his argument on that point is correct. • The alternative would be that on this appeal we entertain the motion anew, with the possible result of denying it altogether, or granting it upon such terms as our discretion should suggest. Although the general term, may entertain an appeal from an order that is within the discretion of the court appealed from, that gives no right to act upon an appeal as if the appellate court had power to entertain the motion originally. Whatever affirmative relief the defendant is originally entitled to, he must obtain it in the court which by law has power to hear the motion and to adjust the terms.
The part of the order appealed from can not be taken from its relation to the rest of the order. It is a mere condition. It is not an independent direction. It by itself can not be reviewed. Its meaning is that the' court considered that the motion should be denied, *83 unless the conditions were imposed. If the court had denied entirely leave to amend, we could not say that it was an improper use of discretion. If the appellant is right in the argument that more costs were imposed, than were sufficient to indemnify the plaintiff for the change of the issue, his remedy was to appeal from the order as a whole; so that in case of reversal, the court below, on a rehearing, could settle the proper terms.
For these reasons I am of opinion the order should be affirmed, with costs.
Van Vorst, J., concurred.